**UNITED STATES of America**

**v.**

**Jerome F. BLAKENEY, Appellant.**

. **No. 84–5105.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 28, 1984.

Decided Jan. 29, 1985.

---

**82.** See note 67 *supra.*

**153**

David C. Venable, Washington, D.C. (Appointed by this Court) for appellant.

Mary Ellen Abrecht, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Douglas J. Behr, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before BORK and SCALIA, Circuit Judges, and GASCH,* District Judge.

Opinion for the Court filed by District Judge GASCH.

GASCH, District Judge: .

Appellant was convicted in the United States District Court for the District of Columbia on counts one, two, three, four and five of a superseding indictment. Counts one, two, and three charged possession by one previously convicted of a felony in the United States District Court for the District of Columbia of the firearm specified individually in each of these counts.

Appellant contends, and the government agrees, that if this Court sustains these convictions, the case should be remanded to the District Court to vacate convictions on two of the three counts for the reason that the specified weapons were all found at the same time and place. Therefore, properly

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a).

1. It was stipulated that the handguns were manufactured in Connecticut and the rifle was manufactured in Massachusetts or New York.

2. 6 D.C.Code § 2313.

considered it is one offense and not three. 18 U.S.C. § 1202 (App. 1); *United States v. Valentine,* 706 F.2d 282, 294 (10th Cir. 1983); *United States v. Rosenbarger,* 536 F.2d 715 (6th Cir.), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1976).

■ A narcotics search warrant, the validity of which is not challenged, was authorized by a judge of the Superior Court. Pursuant to this search warrant, several police officers made a daytime entry of the premises 4331 4th Street, S.E., Apartment 10. In plain view, while searching for marihuana and PCP, the officers observed the firearms specified in the superseding indictment.[1] Although these firearms were inadvertently discovered since the police had no prior knowledge of their presence in the apartment, they did not immediately seize them. However, in going through appellant's papers contained in a briefcase while searching for marihuana and PCP, they found appellant's parole papers indicating that he had previously been convicted of a felony. After checking by telephone on this matter at the central records of the Police Department and ascertaining that appellant had in fact previously been convicted of a felony, they seized the weapons in question. Seizure of weapons under these circumstances is valid and proper. In the first place, possession of firearms in the District of Columbia is lawful only when the weapon is registered with the Police Department as required by law.[2] In the second place, and of more importance insofar as this case is concerned, is the fact that search of appellant's papers in a reasonable effort to ascertain the presence of PCP or marihuana specified in the search warrant disclosed parole papers reflecting that appellant was a felon.[3]

3. There was a stipulation of counsel that appellant had previously been convicted of a felony. The parole papers further reflected that appellant knew that he could not lawfully possess a firearm or marihuana. 18 U.S.C. § 4209; 28 C.F.R. § 240(a)(9) and (11).

Possession of firearms by a felon is a violation of law. The government relies on the plain view doctrine. *See Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968); *Crouch v. United States*, 648 F.2d 932, 934 (4th Cir.), *cert. denied*, 454 U.S. 952, 102 S.Ct. 491, 70 L.Ed.2d 259 (1981), as well as *In re Search Warrant Dated July 4, 1977 etc.*, 667 F.2d 117, 145 (D.C.Cir.1981). Appellant's reliance on Justice Stewart's concurring opinion in *Stanley v. Georgia*, 394 U.S. 557, 569, 89 S.Ct. 1243, 1250, 22 L.Ed.2d 542 (1969), is misplaced. In that case the Supreme Court reversed a conviction for the possession of obscene films. Armed with a gambling search warrant which did not specify obscene films, the police found these films in appellant's desk. It was only after obtaining a projector and viewing the films for approximately fifty-five minutes that the police had probable cause to make the seizure. The facts in the instant case are clearly distinguishable.

■ A more difficult question arises in connection with appellant's convictions on the two marihuana counts. Approximately 4.8 lbs. of marihuana were found in appellant's apartment. Possession of that quantity of marihuana[4] alone is sufficient evidence to justify appellant's conviction for possession with intent to distribute marihuana at his apartment located at 4331 4th Street, S.E. The evidence received which relates to this location is sufficient in and of itself to justify the conviction.

■ Appellant argues that his subsequent arrest on an arrest warrant at his place of employment at the Museum of Natural History during the course of which he was found to be in possession of seven manila envelopes containing marihuana does not constitute a second marihuana offense. After he was found to be in possession of these seven manila envelopes, he was told by the police that they would get a search warrant for his locker unless he consented to their searching it. An addi-

tional quantity was found in the locker but this was suppressed by order of the District Judge because of the circumstances surrounding its seizure, *i.e.*, failure to give a *Miranda* warning. *United States v. Mendenhall*, 446 U.S. 544, 557, 100 S.Ct. 1870, 1878, 64 L.Ed.2d 497 (1980).

The ultimate issue insofar as the conviction on count five respecting possession with intent to distribute the marihuana found on appellant's person at his place of employment is whether conviction on this count should be vacated because of conviction on count four charging possession with intent to distribute the marihuana found in his apartment several miles distant from his place of employment and across the Anacostia River. The evidence respecting the second marihuana count, count five of the superseding indictment, is complete in itself. He was in possession of the substance, has not contended that his possession was for personal use and he was also found to be in possession of $91, which is additional evidence supporting the jury verdict that his possession was with intent to distribute this marihuana at his place of employment.

Appellant, ignoring the fact that the two marihuana offenses took place at widely separated locations and under completely different factual situations, seeks to obtain support from *United States v. Woods*, 568 F.2d 509 (6th Cir.1978), and *United States v. Mathis*, 673 F.2d 289 (10th Cir.1982). *Woods* involved a narcotic sale at the Hilton Inn near the Detroit airport of a precise amount of heroin. Count two charged Woods and others with aiding and abetting each other in the distribution of the same precise amount of heroin as was charged in count one as possession with intent to distribute. Counts three and four charged Woods and others with unlawfully possessing heroin with intent to distribute it. The possession charged in counts three and four referred to caches of heroin under the front seat and in the trunk of Woods' Opel

---

**4.** Expert testimony was received to the effect that if this marihuana were packaged, the street value of the substance would be $1,405 per pound. A scale and packaging envelopes, both manila and clear plastic, some empty and some filled, were seized.

automobile parked nearby. Woods was convicted of all four counts. He was given a concurrent sentence of seven years plus a special parole term of three years on each of the four counts.

The Sixth Circuit found that there was a multiplicity of the charges in this indictment and that, although the opinion noted no previous narcotics cases applying the doctrine of multiplicity, that a single course of conduct involving possession with intent to distribute was really what was involved. The Sixth Circuit affirmed the convictions for counts one and two and the sentence for count two. The case was remanded to the District Court with instructions to vacate the sentence under count one and the convictions and sentences under counts three and four.

The issue was not presented in *Mathis,* where appellant was acquitted on three of four counts of an indictment charging possession with intent to sell cocaine. Counts one and two concerned the transfer of an alleged sample at approximately 1:00 P.M., whereas count three concerned the principal transaction, which was alleged to have taken place at 5:00 P.M., in which a half pound of cocaine was involved. The Tenth Circuit in dicta spoke favorably of the rationale of the *Woods* case. The cocaine in count three was substantial. Conviction and sentence on this count were affirmed.

█ Unlike the close interrelation of the transactions on the basis of which the Sixth Circuit reacted in *Woods,* in Blakeney's case there are two separate and distinct possessions of marihuana. In count four the possession of 4.8 pounds of marihuana in appellant's apartment in Anacostia together with the scale and the packaging envelopes adequately support the charge of possession with intent to distribute. Count five, charging possession with intent to sell at the Museum of Natural History, his place of employment, also stands on its own two feet. Though the quantity of marihuana found on appellant's person was smaller (seven envelopes), it nevertheless was a quantity well in excess of what appellant might have expected to use if he were in fact a marihuana user. The expert testimony revealed that one nickel bag was a sufficient quantity to take care of the usual daily consumption by a single individual. There was no testimony to the contrary. As previously mentioned, $91 found in appellant's pocket is additional evidence of intent or willingness to sell.

The District Court carefully instructed the jury on the elements of each marihuana count and emphasized that unless the government had proved each element of the charge beyond a reasonable doubt the jury must find the defendant not guilty.

Appellant in his brief also challenges the superseding indictment, contending that it did not specify the court in which the previous conviction occurred. The government having attached as an exhibit the superseding indictment has demonstrated clearly that the court in which the previous conviction occurred was specified. Appellant's counsel in oral argument concedes this. Appellant was arraigned, tried and convicted on a superseding indictment which specified the felony and the court in which appellant was previously convicted. A second document referred to in the docket entries as a retyped superseding indictment was by stipulation of counsel used by the District Court in charging the jury. It is this document which avoids mention of the identity of the prior offense which also concerned firearms and the identity of the Court in which the conviction was returned. This was to avoid prejudice to appellant.

The Court notes that appellant was given a concurrent sentence of two years plus a special parole term of two years. The case is remanded to the District Court to vacate two of the convictions returned against the defendant for possession of firearms. Otherwise, the convictions and sentences are affirmed.