Gregory Bruce English, Alexandria, Va., (appointed by this court), for appellant.

Arthur F. Norton, Jr., Atty., Dept. of Justice, with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before RUTH BADER GINSBURG, BUCKLEY, and WILLIAMS, Circuit Judges.

Opinion for the court filed by Circuit Judge BUCKLEY.

**UNITED STATES of America**

v.

**Maxcell A. JOHNSON, Appellant.**

**No. 89-3107.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 30, 1990.

Decided Aug. 3, 1990.

BUCKLEY, Circuit Judge:

Maxcell Anthony Johnson was convicted on four counts of possessing phencyclidine ("PCP"), PCP-laced marijuana, marijuana, and cocaine, with intent to distribute them in violation of 21 U.S.C. § 841(a) (1988). After trial but before sentencing, Johnson moved to dismiss the count of the indictment involving the PCP-laced marijuana on the ground that that offense merged with the offense charged in the count involving PCP, and was therefore multiplicitous. The district court denied Johnson's motion, and he appeals. Because we find that these counts charged the same offense, we vacate the conviction on the second count.

## I. BACKGROUND

On November 4, 1988, District of Columbia police searched an apartment in southeast Washington that they believed was being used for the sale of drugs. As a result of the search, police seized nine vanilla extract bottles containing a total of 147 grams of liquid PCP, five empty vanilla extract bottles with PCP residue, numerous tin foil packets containing a total of seventy-two grams of marijuana laced with PCP, one gram of cocaine, and twelve grams of crack cocaine. Johnson was among several

individuals who were arrested in the apartment. He was carrying $1,766 in cash and reeked of PCP at the time of his arrest. His fingerprints were found on several of the vanilla extract bottles.

Johnson was subsequently charged in a four-count indictment with possessing with intent to distribute 100 grams or more of PCP (the 147 grams of liquid PCP) (Count One), PCP (that laced in the marijuana) (Count Two), marijuana (that laced with PCP) (Count Three), and cocaine (both the powder and the crack) (Count Four), all in violation of 21 U.S.C. § 841(a). After a three-day trial, a jury convicted Johnson on all four counts. Johnson then moved to dismiss Count Two, which charged possession of the PCP laced in the marijuana. He argued that simultaneous possession of the same drug in different packages constitutes but a single offense. Johnson conceded that because of section 2D1.1(a)(3) of the Sentencing Guidelines, dismissing Count Two would not affect the length of his sentence, but he asserted that the count should nevertheless be dismissed lest he stand twice convicted for the same crime. The district court denied Johnson's motion without comment and sentenced him to concurrent terms of imprisonment of 97, 78, 60, and 78 months on Counts One through Four, respectively. The court also imposed a special assessment of $200, $50 on each count. Johnson appeals the denial of his motion.

## II. Discussion

The Double Jeopardy Clause places no limits "on the power of Congress to define the allowable unit of prosecution and punishment where all the charges are brought in one suit." *United States v. McDonald*, 692 F.2d 376, 377 (5th Cir.1982), *cert. denied*, 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983). Thus in this case we must decide whether Congress intended someone in Johnson's shoes to stand convicted for his possession of PCP under 21 U.S.C. § 841(a)(1) with one offense or two. Section 841(a)(1) makes it an offense to possess a controlled substance with intent to distribute. The *actus reus* for this crime is the act of possession. *Cf. United*

*States v. Blakeney*, 753 F.2d 152, 155 (D.C. Cir.1985) (finding two counts charging possession with intent to distribute marijuana not multiplicitous because case involved "two separate and distinct possessions").

The penalties prescribed for the violation of this section vary with the type, quantity, and, in some cases, the form of the controlled substance possessed. 21 U.S.C. § 841(b). For example, a sentence of at least ten years is prescribed for a person who possesses 100 grams or more of PCP, or 1000 grams or more of a mixture containing a detectable amount of PCP. *Id.* § 841(b)(1)(A)(iv); *see also id.* § 841(b)(1)(A)(ii), (iii) (ten-year minimum sentence for a person who possesses five kilograms of cocaine or fifty grams of cocaine base (crack)).

Applicable regulations define as a controlled substance "any material, compound, mixture, or preparation which contains any quantity" of PCP. 21 C.F.R. § 1308.12(e)(3) (1989). Thus, the fact that the PCP charged in Count Two was mixed with marijuana does not alter its character as the same controlled substance as the liquid PCP charged in Count One. The question, therefore, is whether Johnson's possession, at the same time and place, of the liquid PCP and the PCP mixed with marijuana and packaged in small foil packets constitutes one act of possession or two.

In *Blakeney*, we held that the possession of different quantities of marijuana in two different locations—at the defendant's home and workplace—constituted "two separate and distinct possessions." 753 F.2d at 155. The Eleventh Circuit has reached the same conclusion on similar facts. *See United States v. Maldonado*, 849 F.2d 522, 524 (11th Cir.1988) (possession of different quantities of cocaine in two different locations—the defendant's home in one county and his car in another—constituted two offenses); *see also United States v. Vaughn*, 859 F.2d 863, 865 (11th Cir.1988) (per curiam) (possession of different quantities of cocaine of differing purity at different times constituted multiple possessions), *cert. denied*, —— U.S.

——, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989). Where, however, the defendant possessed the same controlled substance in the same place at the same time, he committed only one act of possession. *See United States v. Williams,* 480 F.2d 1204, 1205 (6th Cir.1973) (per curiam) (defendant possessing four bags of heroin at same time and place commits only one offense, not four).

The government argues that the possession charged in Counts One and Two constitute separate offenses because the PCP was possessed in two forms: as liquid PCP (Count One) and mixed with marijuana (Count Two). The government characterizes the latter as the retail product ready for distribution and the former as part of Johnson's "inventory of ingredients." Gov't Br. at 7. In either form, however, it was the same controlled substance. *See* 21 C.F.R. § 1308.12(e)(3). The government conceded at oral argument that there is no retail market for liquid PCP, and that Johnson possessed the liquid PCP as an "ingredient," to be mixed with marijuana and distributed in that form through retail sales. The government does not argue that he intended to distribute the PCP in its pure form on a wholesale basis. Thus Johnson possessed, at the same time and place, the same controlled substance in different forms but as part of the same operation with the same distributive intent—to mix the PCP with marijuana and sell it in small quantities on a retail basis. While possession of PCP in both forms with an intent to sell it in both forms might support a finding of two offenses, the government has made no such showing here. There being no evidence that he possessed PCP with intent to distribute except in the form charged in Count Two, we hold that Johnson may stand properly convicted of only one offense for possession of PCP.

### III. CONCLUSION

We conclude that the district court improperly denied Johnson's post-trial motion to dismiss Count Two of the indictment. On that basis—having considered and rejected Johnson's other arguments—we remand this case to the district court with instructions that it vacate the judgment of conviction on Count Two and reduce the special assessment against Johnson by $50 to $150. As the quantum of PCP involved in Count Two "merged" with that in Count One, and the total amount of PCP was properly taken into account in setting Johnson's sentence, our disposition of this case will not diminish his sentence beyond the reduction of the special assessment.

*So ordered.*