940 F.2d 661
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael MARSHALL, et al., Plaintiffs-Appellants,
v.
ORMET CORPORATION, et al., Defendants-Appellees,
 No. 90-3508.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1991.
As Amended Aug. 1, 1991.
 
 1
 Before MILBURN and BOGGS, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 In this appeal, the appellants challenged the district court dismissal of their federal claim that Ormet discriminatorily subjected Michael Marshall to a racially hostile work environment. We agreed that the district court correctly determined that claims for racial harassment relating to conditions of employment were no longer protected under 42 U.S.C. Sec. 1981. Patterson v. McLean Credit Union, 491 U.S. 164 (1989). Having found that the district court properly dismissed appellants' federal claim, we held that the district court should have dismissed appellants' state law claims without prejudice. We said:
 
 
 3
 Having disposed of the federal claim, however, the district court lacked jurisdiction to decide whether plaintiffs made a prima facie showing to pursue these pendent state claims. When the court correctly dismissed Marshall's federal cause of action for failure to state a claim, the pendent state law claims should have been dismissed without prejudice.
 
 
 4
 Marshall v. Ormet Corporation, No. 90-3508 slip op. at 5 (6th Cir. May 14, 1991).
 
 
 5
 The appellees have now filed a petition for rehearing arguing that earlier precedent in this circuit has recognized that a district court has discretion to dispose of pendent state claims after a federal claim giving it jurisdiction has been dismissed. Tucker v. Bieber, 900 F.2d 973, 980 (6th Cir.1990); Sarin v. Samaritan Health Center, 813 F.2d 755, 759 n. 5 (6th Cir.1987). We now agree that the issue is one of district court discretion and not jurisdiction. In Province v. Cleveland Press Publishing Co., 787 F.2d 1047 (6th Cir.1986), this court held that district courts have minimal discretion to decide pendent state law claims even though the federal claim, its basis for jurisdiction, has been dismissed.
 
 
 6
 [I]t is apparent that the trial courts do have some discretion to decide a pendent state law claim once the federal basis for jurisdiction is dismissed. A trial court must balance the interest in avoiding needless state law decisions discussed in United Mine Workers against the "commonsense" policies of judicial economy discussed in Rosado, when deciding whether to resolve a pendent state claim on the merits.
 
 
 7
 Id. at 1055.
 
 
 8
 We now conclude that the district court properly exercised its discretion in granting summary judgment on appellant's state claim of intentional infliction of emotional distress, the only state law claim raised on appeal. Discovery in this case was completed before the district court granted summary judgment and appellants never challenged the district court's jurisdiction over their pendent state claims. In addition, a substantial amount of time and resources had been expended before the district court entered judgment. The district court was not required to interpret an abstruse area of Ohio law. Moreover, appellants argued the merits of their intentional infliction claim before this court at the pre-oral argument stage.
 
 
 9
 Accordingly, that portion of our May 14, 1991 per curiam opinion dismissing appellant's state claims without prejudice for want of jurisdiction is VACATED. We now AFFIRM the district court's judgment.
 
 
 10
 BOGGS, Circuit Judge, concurring in part and dissenting in part from the grant of rehearing.
 
 
 11
 I agree with my colleagues that our panel's original decision was not correct in stating that this court lacked jurisdiction over the state claims. Rather, Gibbs v. United Mine Workers, 383 U.S. 715, 726 (1966) clearly holds that it is discretionary with a federal court to dismiss state claims without prejudice once the underlying federal claims have been disposed of. See, e.g., Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988). However, both Gibbs and Cohill also clearly indicate that the discretion should almost always be exercised in favor of dismissal.
 
 
 12
 The court in Gibbs also indicated that these factors usually will favor a decision to relinquish jurisdiction when 'state issues predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.' "
 
 
 13
 Cohill, 484 U.S. at 350, quoting Gibbs, 383 U.S. at 726.
 
 
 14
 We have consistently followed this general rule and dismissed state claims without prejudice when the underlying federal claim was dismissed prior to trial. See, e.g., Faughender v. City of North Olmsted, 927 F.2d 909 (6th Cir.1991); Williams v. City of River Rouge, 909 F.2d 1518 (6th Cir.1990); Knafel v. Pepsi-Cola Bottlers of Akron, 899 F.2d 1473 (6th Cir.1990).
 
 
 15
 We noted in Province v. Cleveland Press Publishing Co., 787 F.2d 1047, 1055 (6th Cir.1986), that a court has only "minimal discretion to decide pendent state law claims on the merits once the federal jurisdiction is dismissed before trial." We upheld the exercise of pendent jurisdiction to dismiss state claims in Province because the same facts that underlay the dismissal of the federal claim was also necessary to dispose of a state claim that involved no substantial interpretation of Ohio law.
 
 
 16
 In this case these considerations seem to me to point clearly toward allowing Ohio to determine the outcome. While I do not think Marshall's state claims are very strong, Ohio courts could decide differently. This is particularly true with respect to the intentional infliction of emotional distress claim against Emery individually. The district court did not even notice this claim, and its outcome is not at all foreclosed by the district court's reasoning regarding Ormet's liability under Ohio's law regarding "intentional torts." See Marshall, 736 F.Supp. 1462, 1469-70 (S.D.Ohio 1990).
 
 
 17
 Additionally, the district court's investment of judicial resources was not so great, nor the outcome so clear, as to preclude handling this case in line with the normal run of cases. Every case that comes before us initially under the rubric of pendent jurisdiction requires some investment of time by the court and the parties researching and resolving the state issues. Gibbs, Cohill, and Province dictate that the average case involving average investments of time should be dismissed without prejudice, and this case appears average to me. Nor was the outcome so clear as to preclude handling this case in line with the normal run of cases. I therefore respectfully dissent from that portion of the opinion on the rehearing that affirms the dismissal with prejudice of the state claims.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan sitting by designation