MAES, Justice (specially concurring). {24} I agree with the majority that the Legislature intended the crimes of possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23 (1990, prior to 2005 amendment), and possession of a controlled substance with intent to distribute, contrary to NMSA 1978, Section 30-31-22 (1990, prior to 2005 amendment), to apply in the alternative when based on a single act of possession. I also agree with the majority that, under the circumstances of the present case, Charlotte Quick (Defendant) committed only a single act of possession and, therefore, her convictions of both possession and possession with intent to distribute violate the double jeopardy clause. I write separately, however, to clarify that a defendant properly may be convicted of both simple possession and possession with intent to distribute when the charges are based on separate acts of possession. {25} In Swafford v. State, 112 N.M. 3, 13, 810 P.2d 1223, 1233 (1991), this Court observed that “the double jeopardy clause clearly cannot operate to prohibit prosecution, conviction, and punishment in a single trial for discrete acts violative of the same statute.” Although it is a “fairly simple task” to identify discrete acts when those acts are “sufficiently separated by either time or space,” difficulty arises when two or more acts are committed in the same limited time period within the same geographic area. Id. at 13-14, 810 P.2d at 1233-34. Accordingly, “we look to whether a defendant’s acts are separated by ‘sufficient indicia of distinctness’ to be considered non-unitary conduct.” State v. Saiz, 2008-NMSC-048, ¶30, 144 N.M. 663, 191 P.3d 521 (citation omitted). “Distinctness may be established by determining whether the acts constituting the two offenses are sufficiently separated by time or space, looking to the quality and nature of the acts, the objects and results involved, and the defendant’s mens rea and goals during each act.” Id.; see also State v. Franco, 2005-NMSC-013, ¶ 7, 137 N.M. 447, 112 P.3d 1104 (“To determine whether a defendant’s conduct was unitary, we consider such factors as whether acts were close in time and space, their similarity, the sequence in which they occurred, whether other events intervened, and the defendant’s goals for and mental state during each act.”). {26} “In drug cases, the question frequently arises whether a defendant’s entire cache of drugs is to be considered as a single unit or as separate units for purposes of defining the extent of his criminal activity.” United States v. Johnson, 977 F.2d 1360, 1374 (10th Cir.1992). Generally, courts which have considered the issue [of multiple prosecutions under controlled substance statutes] have determined that separate convictions for possession of the same controlled substance [with an intent to distribute] will not violate the Double Jeopardy Clause if the possessions are sufficiently differentiated by time, location, or intended purpose. Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036, 1043 (2000) (alterations in original) (internal quotation marks and citation omitted); see also Johnson, 977 F.2d at 1374; United States v. Maldonado, 849 F.2d 522, 524 (11th Cir.1988); United States v. Blakeney, 753 F.2d 152, 155 (D.C.Cir.1985); State v. Crawley, 93 Conn.App. 548, 889 A.2d 930, 936-38 (2006); Lane v. Commissioner, 51 Va.App. 565, 659 S.E.2d 553, 558-59 (2008); In re Davis, 142 Wash.2d 165, 12 P.3d 603, 609-10 (2000) (en banc). These factors are “meant to be disjunctive, with no one determinative factor.” Rabb, 725 N.E.2d at 1043. Accordingly, although a supply of narcotics generally is not divisible for purposes of prosecution, various stashes of a controlled substance may be considered separate if the evidence indicates that they were: (1) separated in space or time; or (2) intended for different purposes or transactions. {27} “[A] determination of the existence of separate stashes is not constrained by any particular measure of spatial or temporal distance,” Johnson, 977 F.2d at 1374, but close proximity in space and time is indicative of unitary conduct. See Rabb, 725 N.E.2d at 1043 n. 6 (noting that separate charges based on “multiple amounts of a controlled substance, virtually identical in quality, hidden separately at one location” are “problematic” under the double jeopardy clause). Likewise, lack of evidence indicating that the defendant had a separate intent or purpose with respect to each individual stash is not necessarily fatal to the determination that separate stashes existed, but, in the absence of other factors, is strongly corroborative of unitary conduct. See State v. Lopez, 2008-NMCA-002, ¶ 17, 143 N.M. 274, 175 P.3d 942 (2007), cert. denied, 2007-NMCERT-012, 143 N.M. 213, 175 P.3d 307 (holding that the defendant did not separately possess two stashes of methamphetamine because “it [was] obvious that the methamphetamine Defendant possessed at the hospital came from her home” and there was no evidence to indicate that she had a separate intent with respect to each stash); Johnson, 977 F.2d at 1374 (holding that the defendant separately possessed two stashes of amphetamine because he “admitted to possession of the brown vial amphetamine for personal use” and the jury reasonably could have inferred that “the larger quantities of amphetamine contained in the thermos bottles” were for distribution); Lane, 659 S.E.2d at 561 (holding that the defendant did not separately possess three stashes of oxycodone because there was no evidence to indicate that he had a separate intent with respect to each stash). {28} The “separate stash” test incorporates the “sufficient indicia of distinctness” factors — time, space, intent, purpose, and the quality and nature of the defendant’s conduct — to determine whether an individual has committed multiple acts of possession of a controlled substance. Accordingly, I would adopt this test to determine whether a defendant’s conduct was unitary under Sections 30-31-22 and -23. {29} With these principles in mind, I turn to the facts of the present case. First, the evidence demonstrates that Defendant possessed three separate stashes of methamphetamine: (1) a container with 7.03 grams; (2) a container with 2.71 grams; and (3) a container with .61 grams. Although the methamphetamine was packaged separately, it was all found at the same time and in the same location, namely, in Defendant’s bedroom. Second, although there was evidence of both personal use and intent to distribute methamphetamine, there was no evidence to indicate that the defendant had a separate intent or purpose with respect to each of the individual stashes found. Stated another way, there was no evidence to indicate which of the three stashes were intended for distribution and which were intended for personal consumption. {30} Because all of the methamphetamine possessed by Defendant was found in the same place at the same time and there was no evidence to indicate that Defendant had a separate intent or purpose with respect to each of the individual stashes found, Defendant’s conduct was unitary in nature. Defendant’s conviction for both possession of methamphetamine and possession of methamphetamine with intent to distribute therefore violates the double jeopardy clause. Accordingly, I concur in the judgment of the majority opinion.