**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John FIALLO–JACOME and David King Brenner,
Defendants-Appellants.**

No. 84–5188.

United States Court of Appeals,
Eleventh Circuit.

March 18, 1986.

---

Daniel H. Forman, McMaster, Forman & Miller, P.A., Miami, Fla., for Fiallo-Jacome.

Paul D. Lazarus, Nurik, O'Donnell & Lazarus, Ft. Lauderdale, Fla., for Brenner.

Stanley Marcus, U.S. Atty., Miami, Fla., Eileen O'Connor, Linda Collins Hertz, Asst. U.S. Attys., Ft. Lauderdale, Fla., for plaintiff-appellee, U.S.

Before VANCE, Circuit Judge, HENDERSON *, and SWYGERT **, Senior Circuit Judges.

PER CURIAM:

John Fiallo-Jacome and David King Brenner appeal their sentences imposed by the United States District Court for the Southern District of Florida for various drug-related offenses. We vacate the sentences against both appellants and remand to the district court for resentencing.

In May, 1983, Special Agent Paul Sennett of the Drug Enforcement Administration (DEA), acting in an undercover capacity, arranged for Anthony Martinelli, a suspected drug dealer, to sell four kilograms of cocaine to DEA Special Agent Stephen Georges. On May 17, 1983, Georges went to Martinelli's house in Plantation, Florida, to purchase the first kilogram. Georges tested the cocaine and left the house to retrieve the purchase money from his car. DEA agents then entered the house and arrested Martinelli and David King Brenner, who also was present.

After his arrest, Brenner agreed to cooperate with the DEA. Brenner admitted that he had supplied Martinelli with the cocaine from a supply he was holding for John Fiallo-Jacome. Brenner told the DEA that he had met Fiallo-Jacome in February of 1983 and had agreed to store part of Fiallo-Jacome's cocaine supply at his apartment in Miami. He had stored nearly thirty kilograms for Fiallo-Jacome between February and May. Fiallo-Jacome had added and removed cocaine from this supply at various times and Brenner himself had sold cocaine from this supply with the consent of Fiallo-Jacome.

Brenner consented to a DEA search of his apartment and to a telephone tap. The search yielded eleven kilograms of cocaine. On the instructions of the DEA, Brenner telephoned Fiallo-Jacome and reported that the Georges sale had fallen through, but that it might be consummated at a later date. Brenner later met with Fiallo-Jacome to discuss this sale.

On May 26, 1983, the DEA instructed Brenner to telephone Fiallo-Jacome and request that he retrieve his cocaine. The DEA agents hoped that Fiallo-Jacome would then lead them to the location of his other cocaine supplies. Fiallo-Jacome arrived at Brenner's house, but noticed the surveillance vehicles and left hurriedly. DEA agents pursued him and arrested him shortly thereafter.

The grand jury returned a nine count indictment against Fiallo-Jacome, Brenner and Martinelli on June 1, 1983. Martinelli entered a plea of guilty and is not a party to this appeal. Fiallo-Jacome pled not guilty and moved to dismiss the indictment because several counts were multiplicitous. The district court denied this motion. On the government's motion, the case against Fiallo-Jacome was severed from that of Brenner and Fiallo-Jacome was tried first. Brenner was granted use immunity by the government and was compelled to testify against Fiallo-Jacome. The jury found Fiallo-Jacome guilty of two counts of possession of a controlled substance with intent to distribute, one count of conspiracy, one count of distribution of a controlled substance and two counts of using a telephone to facilitate a felony. He received a twenty-eight year prison sentence, a $100,-000.00 fine and a twenty-year special parole term.

* See Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

Afterward, Brenner entered a guilty plea to one count of possession. He received a ten-year prison sentence, a $15,000.00 fine and a five-year special parole term from the same district judge who had presided over the trial of Fiallo-Jacome and had heard Brenner's immunized testimony.

Fiallo-Jacome's sole argument on appeal is that the consecutive sentences he received for the two possession charges constitute double jeopardy. Count II of the indictment charged the three defendants with possessing cocaine "[b]eginning on or before February 1983 and continuing through on or about May 26, 1983 at Miami, Dade County and elsewhere in the Southern District of Florida." Count III charged the defendants with possessing cocaine "[o]n or about May 17, 1983 at Plantation, Broward County, in the Southern District of Florida." The district court rejected the claim that these counts were multiplicitous and imposed a sentence of fifteen years imprisonment, $25,000.00 fine and ten years special parole for Count II and a consecutive sentence of thirteen years imprisonment, $25,000.00 fine and ten years special parole for Count III. Fiallo-Jacome contends that these consecutive sentences constitute double jeopardy because the events described in Count III, which relate to the delivery of cocaine to Martinelli's house in Plantation, are part of the larger possession described in Count II. The government responds that each Count refers to distinct possessions, one at Martinelli's house in Plantation (Count III) and one at Brenner's apartment where Fiallo-Jacome kept a constantly changing supply of cocaine (Count II).

■ The general test for determining whether multiple charges constitute but one offense is whether each charge "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). "To support a claim of double jeopardy, a defendant must show that the two offenses charged are in

law and fact the same offense." *United States v. Marable*, 578 F.2d 151, 153 (5th Cir.1978).[1] *See also Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

Counts II and III charged Fiallo-Jacome with twice possessing cocaine in violation of 21 U.S.C. § 841(a)(1). Thus, there is no question that the two counts charged him with two violations of the same statutory provision. Our inquiry, therefore, must turn to whether the two counts in fact constituted separate offenses.

■ We first examine the language of the indictment. Count III charged Fiallo-Jacome with possessing cocaine on a specific date, May 17, 1983, in Plantation, Florida. Count II accused him of cocaine possession over a four-month period, February through May, 1983 in Miami and "elsewhere in the Southern District of Florida." Since Plantation is within the Southern District and the date May 17, 1983, falls within that time period, it appears from the face of the indictment that Fiallo-Jacome has been charged twice for a single offense. The activities alleged in Count III clearly fall within the broader pattern of activities alleged in Count II. Our inquiry, however, does not end here. As noted by the government, this court can look beyond the face of the indictment and examine the trial record to resolve a double jeopardy claim. *See Ward v. United States*, 694 F.2d 654, 661–62 (11th Cir.1983); *United States v. Marable*, 578 F.2d 151, 153 (5th Cir.1978).

■ The crucial factual question is whether Fiallo-Jacome continuously possessed cocaine or whether he had it in his possession on two distinct occasions. This is a difficult question because cocaine is a chemical powder that does not exist in readily identifiable physical units. After reviewing the record, we must conclude that Fiallo-Jacome had one continuous pos-

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit

adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

session. The record shows that he warehoused cocaine at Brenner's Miami apartment over a four-month period. He regularly added and removed cocaine from the stash. On May 17, 1983, Brenner removed one kilogram of cocaine with Fiallo-Jacome's consent and carried it to Martinelli's house in Plantation for delivery to Special Agent Georges. There was no evidence when Fiallo-Jacome deposited this particular kilogram at Brenner's apartment.

Contrary to the government's contentions, the record does not show that this kilogram was held apart from that located at Brenner's apartment. This kilogram clearly was part of that supply. As such, we must conclude that Fiallo-Jacome had continuous possession of the cocaine identified in Counts II and III.

The government next urges that the multiple indictment can stand if Fiallo-Jacome took possession of the kilogram of cocaine delivered to Plantation and his other cocaine at different times. *See United States v. Kitowski*, 729 F.2d 1418 (11th Cir.1984); *United States v. Bullock*, 615 F.2d 1082 (5th Cir.), *cert. denied*, 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980). This argument fails because all of the contraband was stored together and there is no evidence when any particular cocaine was delivered to Brenner's apartment. Unlike the firearms and automobiles in *Kitowski* and *Bullock*, there simply is no way to distinguish the cocaine delivered to Plantation from that remaining at Brenner's apartment.

A different case might exist if the evidence revealed that the kilogram transported to Plantation had been kept at a location other than Brenner's Miami apartment. Since that is not the case, we hold that Count III is subsumed by Count II and we vacate the sentence imposed for Count III. On remand, the district court will resentence Fiallo-Jacome on the five remaining counts.

■ Brenner also pursues only one issue on appeal. He contends that his fifth amendment right against self-incrimination was violated when he was sentenced by the same district judge who heard his immunized, compelled testimony during Fiallo-Jacome's trial. The government has filed a motion confessing error on this point because the sentencing procedure violated Justice Department internal guidelines. *See Dept. of Justice, United States Attorney's Handbook*, 1–11.320. Although these guidelines are not binding authority in this court, we accept the government's confession of error in this particular case and vacate Brenner's sentence. As such, we need not consider the constitutional and statutory limitations, if any, on the sentence of a criminal defendant who previously gave immunized, compelled testimony before the sentencing judge. On remand, this case should be transferred to another district court judge for resentencing.

The sentences in this case are VACATED and the case is REMANDED for proceedings consistent with this opinion.