**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Francisco MALDONADO,**
**Defendant–Appellant.**

**No. 87–3439.**

United States Court of Appeals,
Eleventh Circuit.

July 12, 1988.

Agustin Benitez, Benitez & Butcher, Orlando, Fla., for defendant-appellant.

Garry Stegeland, Douglas Frazier, Cynthia B. Hawkins, Asst. U.S. Attys., Orlando, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, ANDERSON, Circuit Judge, and ALLGOOD *, Senior District Judge.

PER CURIAM:

Luis Francisco Maldonado was convicted after a jury trial for two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1). After his conviction Maldonado filed a motion for new trial, alleging that the juror pool was prejudiced by the manner in which jurors were obtained, in violation of the Jury Selection and Service Act of 1968, 28 U.S.C.A. § 1861 *et seq.* The district court denied relief. Maldonado appeals that decision, and also asserts his conviction should be reversed because of insufficient evidence and multiplicitous counts on a single crime. We affirm.

### Jury Selection

The motion for new trial alluded to but did not attach an article which had appeared in *The Orlando Sentinel* on May 19, 1987. The article formed the basis for Maldonado's belief that there had been a substantial noncompliance with the Jury Selection and Service Act. It appears that the trial court needed additional jurors, and U.S. Marshals summoned a total of 16 people, comprised of employees who were working in the federal building that day as well as visitors to the building. One of these was selected to be a juror in Maldonado's case. There is no evidence in the record that the district judge knew the manner in which these additional jurors were selected.

■ Maldonado failed to properly preserve under the Act his objection to the manner in which the jury was chosen. No sworn statement of facts relating to a substantial failure to comply with the Act was filed with the motion. *See* 28 U.S.C.A. § 1867(d).

Section 1867 sets forth the method for challenging the jury selection on the basis of substantial noncompliance with the Jury Selection Act. Subsection (d) requires that the motion challenging the selection be accompanied by a sworn statement of facts that demonstrate substantial noncompliance with the Act. 28 U.S.C.A. § 1867(d). The Act's requirements are strictly construed. *United States v. Kennedy,* 548 F.2d 608, 613 (5th Cir.), *cert. denied,* 434 U.S. 865, 98 S.Ct. 199, 54 L.Ed.2d 140 (1977). We need not decide whether the sworn statement requirement might be waived where undisputed facts are *known* to the Court. That fact is not present in this case. Neither do we need to consider whether there may be a basis for forgiving the absence of an affidavit on some manifest injustice theory. No such showing has been made here.

■ Lack of a statutory remedy does not affect a defendant's due process rights to be tried by a jury drawn from a fair cross section of the community. *Kennedy,* 548 F.2d at 613–14. "A claim of denial of this due process right requires a showing that the jury selection process tended to exclude or underrepresent some discernible class of persons and consequently to defeat a fair possibility for obtaining a truly representative cross section." *Id.* at 614. There has been no showing that the one juror selected as a result of the district court's noncompliance with the Act in any way deprived

---

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

Maldonado a fair possibility of obtaining a truly representative cross section of the community. Maldonado has failed to establish that the jury selection process "systematically and arbitrarily excluded a cognizable class or ethnic group from jury service to his prejudice." *United States v. De Alba–Conrado,* 481 F.2d 1266, 1270 (5th Cir.1973).

### Sufficiency of Evidence

■ Maldonado was arrested in Volusia County, Florida en route to Daytona Beach, Florida after leaving his home to distribute the quantity of cocaine found in his automobile upon his arrest. A subsequent search of his home in Seminole County, Florida revealed another larger quantity of cocaine. The indictment charged Maldonado in Count I of possession with intent to distribute approximately nine ounces of cocaine in Volusia County, Florida on October 9, 1986, and in Count II with approximately one pound of cocaine in Seminole County, Florida on the same date.

The jury found that the cocaine seized at defendant's home belonged to the defendant. Although the defendant had a visitor in his home when the search was executed, he appears to have lived alone in the house at the time. Utility bills found at the residence were registered in defendant's name. Maldonado's passport and cancelled checks were found in the residence. The cocaine seized from within a utility closet in the home and that seized from Maldonado's car upon his arrest were both 84% cocaine hydrochloride. The evidence presented in the case and the inferences that may be drawn from it, taken in the light most favorable to the Government, is sufficient to sustain a conviction against Maldonado as to Count II. *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.Unit B 1982) (*en banc*), aff'd, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). Of course, it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. The jury is free to choose among reasonable constructions of the evidence.

### Multiplicitous Counts

■ Maldonado was properly charged with two crimes on these facts. He contends the cocaine found in the house and in the car constituted one stash, so that he could be guilty of but one charge for that possession.

Whether multiple charges constitute one offense turns on whether each charge requires proof of an additional fact which the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). "To support a claim of double jeopardy, a defendant must show that the two offenses charged are in law and fact the same offense." *United States v. Marable,* 578 F.2d 151, 153 (5th Cir. 1978).

This Court has held that a two-count indictment which both charged violations of 21 U.S.C.A. § 841(a)(1) was multiplicitous where the indictment in one count charged a continuous possession of cocaine during a three-month period, and the other count charged an isolated possession of an amount that had been taken from the amount charged in the first count, and which was *included* in the amount charged in that first count. *United States v. Fiallo–Jacome,* 784 F.2d 1064 (11th Cir.1986).

This case is different from *Fiallo–Jacome.* Here, the two counts charge separate offenses. Maldonado has not continuously possessed one quantity of cocaine, and the Government has not so charged him in either count. Maldonado possessed one pound of cocaine in his home in Seminole County, Florida, which is alleged in Count II of the indictment. Count I charged possession of nine ounces of cocaine on the same date in Volusia County, Florida. Each count requires proof of a different quantity of cocaine in different counties. Unlike *Fiallo–Jacome,* Count I does not charge possession of an amount that was also included in the amount that was charged in Count II. The counts are not multiplicitous. *See also United States v. Blakeney,* 753 F.2d 152, 154–55 (D.C.Cir. 1985) (defendant's possession of one quantity of marijuana at place of employment and a different quantity of marijuana at his

apartment held to be separate and distinct offenses, and therefore no multiplicity of charges existed in the indictment).

AFFIRMED.