**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charlie Joe VAUGHN,**
**Defendant–Appellant.**

**No. 87–8666**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 4, 1988.

864

Charlie Joe Vaughn, Tallahassee, Fla., for defendant-appellant.

J. Michael Faulkner, Asst. U.S. Atty., Dept. of Justice, Augusta, Ga., for plaintiff-appellee.

Before RONEY, Chief Judge, TJOFLAT and EDMONDSON, Circuit Judges.

PER CURIAM:

The sole issue presented by this appeal is whether the district court properly denied appellant Charlie Joe Vaughn's Fed.R. Crim.P. 35(a) motion to correct sentence, challenging on double jeopardy grounds the imposition of separate consecutive sentences for his conviction of possession with intent to distribute cocaine on five separate occasions. We affirm.

Vaughn was convicted of possession with intent to distribute cocaine on March 9, March 23, April 7, April 27, and May 2, 1983.[1] Each time a small amount of cocaine was purchased from Vaughn or a co-defendant as part of an investigation being conducted by the Georgia Bureau of Investigation. Vaughn contends that he continually possessed only "one" quantity of cocaine, and that each event was simply a part of that one possession. Thus, he argues the five consecutive sentences are illegal and violate the prohibition against double jeopardy.

■ A similar argument was recently rejected by this Court in *United States v. Maldonado*, 849 F.2d 522 (11th Cir.1988). Whether multiple charges constitute one offense turns on whether each charge requires proof of an additional fact which the other does not. To support a claim of double jeopardy, a defendant must show that the offenses are in law and fact the same offense. *Maldonado*, 849 F.2d 524 (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) and *United States v. Marable*, 578 F.2d 151, 153 (5th Cir.1978)).

In *Maldonado*, appellant was charged, pursuant to 21 U.S.C.A. § 841(a)(1), with possession with intent to distribute nine ounces of cocaine on October 9, 1986 in Volusia County, Florida, and with posses-

---

1. Conviction under 21 U.S.C.A. § 841(a)(1) affirmed on appeal. *United States v. Vaughn,* 736 F.2d 665 (11th Cir.1984). Denial of 28 U.S.C.A. § 2255 motion to vacate sentence affirmed. *Vaughn v. United States,* 803 F.2d 1184 (11th Cir.1986) (unpublished opinion). The district court then denied Vaughn's Rule 35(a) motion to correct an illegal sentence challenging the imposition of these consecutive sentences, from which Vaughn appeals.

sion with intent to distribute one pound of cocaine on the same date in Seminole County, Florida. Maldonado had been arrested in Volusia County after leaving his home to distribute the quantity of cocaine found in his car upon his arrest. A subsequent search of his home in Seminole County uncovered the cocaine charged in the second count. This Court, distinguishing *United States v. Fiallo–Jacome*, 784 F.2d 1064 (11th Cir.1986), on which Vaughn relies, rejected Maldonado's argument that the consecutive sentence on each count violated double jeopardy.

*Fiallo–Jacome* held that a two-count indictment for violations of 21 U.S.C.A. § 841(a)(1) was multiplicitous where one count charged a continuous possession of cocaine during a three-month period, and the other count charged an isolated possession of an amount that had been taken from that included in the amount charged in that first count. We found *Maldonado* to be a different case, since the two counts charged separate offenses, the Government had not charged a continuous possession, and each count required proof of a different quantity of cocaine in different counties. Unlike *Fiallo–Jacome*, Count I in *Maldonado* did not charge possession of an amount that was also included in the amount that was charged in Count II. *Maldonado*, 849 F.2d 524.

 This case is more like *Maldonado* than *Fiallo–Jacome*. Vaughn was charged with five separate possessions of quantities of cocaine of varying purities on different dates. A forensic chemist testified as to the quality of cocaine received on certain dates: March 9—87.5% cocaine; March 23—68.8% cocaine; April 7—62% cocaine; May 2, consisting of three samples—40.4%, 50.1%, and 50.4% cocaine respectively. The chemist was not asked to determine the purity of the cocaine purchased on April 27. There is no evidence to show that Vaughn has continuously possessed only one quantity of cocaine, and no continuous possession was charged. Each count required proof of a quantity of cocaine on different dates. No count charged an amount that was included in the charge in a different count. Under these facts, there has been no violation of double jeopardy. *See also*

*United States v. Blakeney*, 753 F.2d 152, 154–55 (D.C.Cir.1985) (possession of one quantity of marijuana at place of employment and different quantity at apartment held separate and distinct offenses). *Cf. United States v. Acosta*, 763 F.2d 671, 689–90 (5th Cir.) (conviction on three separate counts of possession with intent to distribute marijuana upheld against challenge that only one substantive count of possession was proved by the Government, where counts concerned different amounts of marijuana, transported on different occasions, occurring weeks or months apart, and where jury could have inferred that on each trip a new load of marijuana was obtained), *cert. denied*, 474 U.S. 863, 106 S.Ct. 179, 88 L.Ed.2d 148 (1985).

To the extent that *United States v. Woods*, 568 F.2d 509 (6th Cir.), *cert. denied*, 435 U.S. 972, 98 S.Ct. 1614, 56 L.Ed. 2d 64 (1978), supports Vaughn's position, we decline to follow it.

AFFIRMED.