Kenton Lee BERNARD, a/k/a Kenneth Lee Madden, a/k/a Kenneth Lee Bishop, a/k/a Larry Wells, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 88–8309

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 3, 1989.

Kenton L. Bernard, Ashland, Ky., pro se.

Charles Calhoun, Macon, Ga., Murray M. Silver, Atlanta, Ga., for U.S.

Before HILL, HATCHETT and
ANDERSON, Circuit Judges.

PER CURIAM:

In affirming the district court, we reject the appellant's contention that stealing and transporting interstate a vehicle with the attached trailer constitutes one criminal action warranting concurrent, rather than consecutive, sentences.

## I. BACKGROUND

In 1983, Kenton Lee Bernard pleaded guilty to two violations of 18 U.S.C.A. § 2312 (West 1970) (interstate transportation of stolen vehicles) and to one violation of 18 U.S.C.A. § 2314 (West 1970) (interstate transportation of a trailer attached to one of the vehicles). The district court sentenced Bernard to five years in prison for each section 2312 violation and to ten years in prison for the section 2314 violation. The court ordered the sentences to run consecutively.

In 1987, Bernard filed a petition pursuant to 28 U.S.C.A. § 2255 (West 1971) challenging the constitutionality of his punishment. Bernard contended that the court's imposition of consecutive sentences violated the fifth amendment's prohibition against double jeopardy.

The government contended that theft of the vehicle and the trailer constituted separate criminal actions. The government argued that theft of the vehicle violated section 2312 because the vehicle was "self-propelled." * Theft of the trailer, the government argued, violated section 2314 because the trailer constituted non-self-propelled "goods."

In February, 1988, the district court summarily denied Bernard's section 2255 motion.

* Title 18 U.S.C.A. § 2311 (West 1970) defines a motor vehicle as "an automobile, automobile truck, automobile wagon, motorcycle, or any

## II. DISCUSSION

The issue in this appeal is whether the district court violated the fifth amendment's prohibition against double jeopardy by imposing consecutive sentences for Bernard's violations of 18 U.S.C.A. §§ 2312 and 2314.

Double jeopardy prohibits a court from imposing greater punishment than the legislature intended. *United States v. Ricks,* 817 F.2d 692, 698 (11th Cir.1987) (citing *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)). "To support a claim of double jeopardy, a defendant must show that the offenses are in law and fact the same offense." *United States v. Vaughn,* 859 F.2d 863, 864 (11th Cir.1988). Stealing a vehicle and an attached trailer are not "in law and fact the same offense." Bernard's actions violated two separate statutes; one relating to self-propelled "vehicles" and another relating to non-self-propelled "goods." The fact that the good was attached to the vehicle does not merge the violations. *See United States v. Kidding,* 560 F.2d 1303, 1308–09 (7th Cir.), *cert. denied,* 434 U.S. 872, 98 S.Ct. 217, 54 L.Ed.2d 151 (1977) ("[W]e think it likely that dealing illicitly with a tractor and trailer, even if the two items are already hooked together when stolen and when moving in interstate commerce, involves a larger misdeed than dealing with a single trailer."); *United States v. Lofty,* 455 F.2d 506 (4th Cir.1972) (a trailer is not self-propelled and should be defined as a "good" rather than as a "vehicle"); and *United States v. Kelly,* 435 F.2d 1288 (9th Cir.1970), *cert. denied,* 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 802 (1971) (trailer constitutes "good" because it is not self-propelled). Further, section 2312 requires proof that the stolen item constitutes a self-propelled vehicle. Section 2314 requires no such proof. *See Vaughn,* 859 F.2d at 864 ("Whether multiple charges constitute one offense turns on whether each charge requires proof of an additional fact which the other does not."). *See also*

other *self-propelled* vehicle designed for land but not on rails." (Emphasis added.)

*United States v. Maldonado,* 849 F.2d 522, 524 (11th Cir.1988) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).

The district court's imposition of consecutive sentences did not violate the fifth amendment's prohibition against double jeopardy. Accordingly, the district court's denial of Bernard's section 2255 motion is affirmed.

AFFIRMED.