[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11107
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20481-WHM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD BRUNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 17, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

A jury found Ronald Brunson guilty of being a felon in possession of a

firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(d)(1), and the district court

sentenced him under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), to a prison term of 180 months. Brunson now appeals his conviction and sentence. Regarding his conviction, he seeks (1) a judgment of acquittal on the ground that the evidence was insufficient to convict, and, alternatively, (2) a new trial on the ground that a juror was seated using improper procedure. He challenges his sentence on the ground that the record did not establish his eligibility for sentencing under the ACCA. We affirm.

I.

A district court must grant a "judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). We review *de novo* the sufficiency of evidence to support a conviction. *United States v. Ortiz,* 318 F.3d 1030, 1036 (11th Cir. 2003). In doing this, we take the evidence in the light most favorable to the Government and accept all reasonable inferences in favor of the jury's verdict. *United States v. Chirinos,* 112 F.3d 1089, 1095 (11th Cir. 1997). A conviction is due to be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Hunt,* 187 F.3d 1269, 1270 (11th Cir. 1999).

The record of the Brunson's trial indicates that the jury had a considerable amount of evidence before it on which to convict. This evidence included direct

eyewitness testimony from police officers who observed Brunson carrying a firearm and retrieved it from a sofa where he had hid it. Accordingly, it is clear that Brunson is not entitled to an acquittal.

## II.

The only method by which a person accused of a federal crime can challenge a jury on the ground that it was not selected in conformity with the law is detailed in 28 U.S.C. § 1867. 28 U.S.C. § 1867(e). A defendant can move to stay proceedings or dismiss the indictment against him on the ground of substantial failure to comply with the appropriate provisions. 28 U.S.C. § 1867(a). A juror is not qualified if: (1) not a citizen of the United States over the age of 18; (2) unable to read, write, and understand the English language; (3) unable to speak the English language; (4) incapable to render satisfactory service by reason of mental or physical infirmity; or (5) convicted in or facing pending charges in state or federal court punishable by imprisonment for more than one year and civil rights have not been restored. 28 U.S.C. § 1865(b). When jurors are needed, those qualified should be drawn at random. 28 U.S.C. § 1866(a). No person or class can be disqualified, subject to certain exceptions. 28 U.S.C. § 1866(c). If there is a shortage, additional jurors can be summoned in any manner ordered by the court that is not discriminatory. 28 U.S.C. § 1866(f).

3

In *United States v. Maldonado*, 849 F.2d 522 (11th Cir. 1988), U.S. Marshals fulfilled a request for additional jurors by selecting 16 people working or otherwise present in the federal building. *Id.* at 523. Of those 16 people, one eventually was seated on the jury for trial. *Id.* After a review of the facts, we found that because there was no showing that any noncompliance deprived Maldonado of a fair possibility of obtaining a truly representative cross section, there was no prejudice. *Id.*

Here, a person with a name similar to the person summoned showed up and was seated on the jury. The record shows that all the provisions of jury selection were substantially complied with. A qualified juror was selected, subjected to *voir dire*, accepted by both parties, and seated on the jury. There is no indication that the juror selected deprived Brunson of a fair trial or a truly representative cross section of the community. Consequently, the court did not abuse its discretion in refusing to set aside the jury's verdict and grant Brunson a new trial.

### III.

When appropriate, we review sentencing issues not raised before the district court only for plain error. *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011). That is, we may correct an error, at our discretion, where (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights.

*United States v. Olano*, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79, 123 L.E.2d 508 (1993). When these three factors are met, we may exercise discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736, 113 S.Ct. at 1779.

The ACCA requires the court to impose a sentence of at least 15 years if a defendant has three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Brunson argues that one of his previous convictions did not qualify as an ACCA predicate offense; therefore, his 180 months' sentence is invalid and should be vacated. Because Brunson did not present this argument to the district court, we assess his objection to the challenged conviction under the plain error standard.

The conviction at issue is a Florida state court conviction for a drug offense. The presentence report ("PSR") identified the conviction as "Cocaine Sell Deliver Possess with Intent." Brunson contends that there was no such conviction because the state court judgment reveals the conviction as a violation of Fla. Stat. § 893.13(1)(A)(1), a non-existent the statute, rather than Fla. Stat. § 893.13(1)(a)(1). In other words, the judgment should have cited § 893.13(1)(a)(1) as the basis for the conviction.

As noted above, the PSR stated that Brunson was convicted of "Cocaine

Sell Deliver Possess with Intent." Brunson did not object to this statement, which coincides with Fla. Stat. § 893.13(1)(a)(1); hence, by not objecting, he waived the PSR's classification of the conviction as a serious drug offense. Brunson also argues that the court committed plain error in using the conviction because the state court judgment's use of "(A)" instead of "(a)" in citing the statute rendered the judgement unconstitutional. Had Brunson presented the argument to the district court and the court rejected it, the court would not have erred because a defendant may not collaterally attack in a federal sentencing proceeding under the ACCA a state court conviction on a constitutional ground unless the conviction was obtained in violation of his right to counsel, *Custis v. United States*, 511 U.S. 485, 487, 114 S.Ct. 1732, 1734, 128 L.Ed.2d 517 (1994), and Brunson does not argue that he was convicted in derogation of that right.

AFFIRMED.